UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHITLEY,<br><br>   Plaintiff,<br><br> v.<br><br>ROSANA JAVATE, et al.,<br><br>   Defendants. | Case No. 20-00680 BLF (PR)<br><br>**ORDER GRANTING MOTION TO AMEND; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 4, 5, 6) |

  Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Salinas Valley State Prison (SVSP) where is currently incarcerated. Dkt. No. 1. Plaintiff has filed a "motion to amend" the complaint in order "to correct all mistakes an[d] errors that I made on my 1983 U.S.C. complaint." Dkt. No. 6 at 1. Plaintiff has also filed two motions for appointment of counsel. Dkt. Nos. 4, 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A. <u>Motion to Amend</u>**

  Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading

once as a matter of course within 21 after serving it. Fed. R. Civ. P. 15(a)(1). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal citations omitted).

Plaintiff filed his motion to amend before the Court conducted an initial review of the complaint or before any defendant had been served. Dkt. No. 6. Accordingly, the motion is GRANTED pursuant to Rule 15(a)(1).

### B. Motion for Appointment of Counsel

Plaintiff moves for appointment counsel based on his indigency, his imprisonment limits his ability to litigate, complexity of the issues, limited access to law library, limited knowledge of the law, and he would be better served with counsel at trial. Dkt. Nos. 4, 5. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). The circumstances set forth by Plaintiff are no different from that of other prisoner-plaintiffs to distinguish his as "exceptional." Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman*

2

*v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's motion to amend is **GRANTED**.  Dkt. No. 6.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint.  The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 20-00680 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff's motions for appointment of counsel are **DENIED** without prejudice.  Dkt. Nos. 4, 5.

3. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 4, 5, and 6.

///

**IT IS SO ORDERED.**

**Dated:  ___June 3, 2020_____**

                                                                             _____
                                                                             BETH LABSON FREEMAN
                                                                             United States District Judge

Order Granting M. to Amend; Deny Appt. of Counsel
PRO-SE\BLF\CR.20\00680Whitley_grant.amend

4