UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHITLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JAVATE ROSANA,<br><br>　　　　Defendant. | Case No. 20-00680 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN *AD LITEM*** <br><br><br>(Docket No. 25) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against a prison physician for inadequate medical care. On January 6, 2021, the Court found the amended complaint, Dkt. No. 13, stated a cognizable claim and ordered the matter served on Defendant. Dkt. No. 14. Plaintiff has filed a motion for appointment of counsel based on his mental condition due to a developmental disability. Dkt. No. 25.

### DISCUSSION

Plaintiff claims that he is a participant in the prison's "Developmental Disability Program" with a designation of "DD1." Dkt. No. 25 at 1. He asserts that he is in a special housing unit for all DDP participants because they need special care and treatment beyond

the treatment of the regular inmates. *Id.* He asserts that because of his mental condition, it would be in his best interest to be represented by counsel. Specifically, Plaintiff is concerned that without counsel, his deposition would be conducted unfairly. *Id.* The Court will review whether appointment of counsel is warranted under 28 U.S.C. § 1915 and Rule 17(c) of the Federal Rules of Civil Procedure.

A. **Appointment of Counsel under 28 U.S.C. § 1915**

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. *See, e.g.*, *Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three

pertinent exhibits); *Miller v. McDaniel*, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se); *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he did a good job presenting his case, was well organized, made clear points, and presented evidence effectively). Here, as in the cases cited above, Plaintiff has shown an ability to articulate his claims despite an alleged mental disability: Plaintiff seeks damages for Defendant's deliberate indifference to his serious medical needs in treating his chronic pain since 2017. Dkt. No. 13 at 3, 5, 7-8. It appears that he has the assistance of a jailhouse attorney which has thus far been sufficient to litigate this action. Dkt. No. 25 at 1. Furthermore, the Eighth Amendment claim is not particularly complex as alleged. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand,* 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

**B.      Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)**

Based on his assertion of mental health issues, (Docket No. 5), the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if

appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff submits no evidence of incompetence. Rather, he has provided evidence indicating that he is a participant in the prison's Developmental Disability Program. Dkt. No. 25 at 3. Plaintiff provides no explanation as to why his mental condition renders him incompetent to prosecute this action. As discussed above, Plaintiff has shown an ability to articulate his claims despite his mental health issues, albeit with the assistance of a "jailhouse lawyer." *See supra* at 3. Furthermore, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case,

4

without more, is not sufficient to raise a substantial question.  *See*, *e.g.*, *Day*, 1997 WL 686016, at *2.  Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry.  *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02.  Based on the information provided in the motion, Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the reasons discussed above, Plaintiff's request for appointment of counsel is DENIED without prejudice.  Dkt. No. 25.

This order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated:  ___**April 22, 2021**_____

BETH LABSON FREEMAN
United States District Judge

Order Deny Appt. of Counsel & Guard.ad.Litem
PRO-SE\BLF\CR.20\00680Whitley_deny-atty