UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHITLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSANA JAVATE, et al.,<br><br>　　　　Defendants. | Case No. 20-00680 BLF (PR)<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY; DENYING MOTION FOR INDEPENDENT MEDICAL EXAMINATION; DENYING MOTION TO CHANGE TIME AS MOOT; GRANTING MOTION TO STRIKE UNAUTHORIZED FILING**<br><br>(Docket Nos. 33, 34, 52, 55) |

　　Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Salinas Valley State Prison where he is currently incarcerated. The Court found the first amended complaint stated cognizable claims and ordered the matter served on Defendant Rosana Javate. Dkt. No. 14. Defendant filed a motion for summary judgment on June 21, 2021. Dkt. No. 30. Plaintiff filed an opposition and a request for judicial notice on August 4, 2021, Dkt. Nos. 35, 36, and Defendants filed a reply on September 14, 2021, Dkt. No. 47. The matter became submitted on the date Defendants filed their reply. *Id.* The Court addresses several pending motions in this matter below.

///

Defendant filed a motion to stay discovery on July 16, 2021. Dkt. No. 33. Defendant asserts that no discovery requests are pending and that her qualified immunity argument merits a stay. *Id.* at 2, citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In opposition, Plaintiff contends that discovery requests are still pending and that Defendant is not entitled to qualified immunity. Dkt. No. 41. In reply, Defendant asserts Plaintiff's requests for discovery were all answered, and that his dissatisfaction with any of the responses does not suffice to preclude a stay of discovery. Dkt. No. 46 at 2. The Court notes that despite Plaintiff's assertion that discovery is pending, he still filed an opposition to Defendant's summary judgment on August 4, 2021, without mentioning any pending discovery requests nor further need for an extension of time therein. Dkt. No. 35. The matter became submitted on September 14, 2021, upon the filing of Defendant's reply. Dkt. No. 47. Accordingly, there being no pending discovery requests and the summary judgment motion being fully briefed, Defendant's motion for stay discovery is GRANTED. Dkt. No. 33.

Plaintiff filed a motion for independent medical examination pursuant to Federal Rule of Civil Procedure 35, to support his deliberate indifference claim. Dkt. No. 34. Defendant opposes the motion, asserting that Rule 35 as well as Federal Rule of Evidence 706 forbid a court from appointing a medical expert or mental-health examiner to testify on a party's behalf. Dkt. No. 38 at 1. Defendant is correct. Rule 35(a)(1) provides that the Court "may order a party whose mental or physical condition… is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of "good cause." Fed. R. Civ. Proc. 35(a). Here, Plaintiff's mental or physical condition is not in dispute. Rather, it is the constitutionality of Defendant's medical care that is in dispute. Accordingly, there is no basis for this Court to appoint a medical expert to bolster Plaintiff's claims under Rule 35. Rule 706 of the Federal Rules of Evidence authorizes appointment of an independent expert when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or

decide a fact in issue." Fed. R. Evid. 706.  The Court finds that no such specialized testimony is necessary to understand the evidence or decide a fact in issue in this case.  Accordingly, the motion is also denied under Rule 706.  Lastly, as Defendant correctly points out, Plaintiff's IFP status does not entitle him to payment for an expert witness under 28 U.S.C. § 1915.  Based on the foregoing, Plaintiff's motion for an independent medical examination is DENIED.  Dkt. No. 34.

Plaintiff has filed a "motion to change time to direct appeal." Dkt. No. 52.  The Court has not yet issued a decision on Defendants' summary judgment motion.  The Court also notes that the Ninth Circuit has dismissed Plaintiff's appeal for lack of jurisdiction.  Dkt. No. 56.  Accordingly, Plaintiff's motion to change time is DENIED as moot.  Dkt. No. 52.

On November 22, 2021, Plaintiff filed a third-party declaration by Johndell Henderson, which Defendant construes as an attempt to supplement Plaintiff's opposition to her summary judgment motion.  Dkt. No. 53.  Defendant asserts that this document must be stricken as an unauthorized filing under Civil Local Rule 7-3(d).  Dkt. No. 55. at 2.  Local Rule 7-3(d) of the Northern District of California provides, in pertinent part, that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval."  Civil L.R. 7-3(d).  This matter became submitted on September 14, 2021, upon the filing of Defendant's reply.  *See* Dkt. No. 47; *see supra* at 1.  Defendant asserts that Plaintiff did not obtain Court approval before filing the "Declaration of Johndell Henderson" on November 22, 2021.  Dkt. No. 55 at 2.  Defendant moves for this filing to be stricken.  *Id.*  The Court agrees.  Plaintiff did not seek and obtain authorization from the Court before filing this supplemental pleading after briefing was closed.  Accordingly, Defendant's motion to strike is GRANTED.  Dkt. No. 55.  The filing under Docket No. 53 shall be STRICKEN.

This order terminates Docket Nos. 33, 34, 52, and 55.

///

3

**IT IS SO ORDERED.**

Dated:  ___December 13, 2021_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.20\00680Whitley_motions